**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **Pineapple34, LLC,** | Case No. 6:21-cv-293 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Google LLC,** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff Pineapple34, LLC ("Plaintiff"), through its attorneys, complains of Google LLC ("Defendant"), and alleges the following:

### PARTIES

2.      Plaintiff Pineapple34, LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 539 W. Commerce St, Suite 1983, Dallas, Texas 75208.

3.      Defendant Google LLC is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 500 W 2nd Street, Austin, TX 78701.

### JURISDICTION

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

VENUE

7.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

PATENTS-IN-SUIT

8.      Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,980,150; 7,181,252; 7,822,387; and 8,594,076 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

THE '150 PATENT

9.      The '150 Patent is entitled "System and method for controlling home appliances," and issued 2005-12-27. The application leading to the '150 Patent was filed on 2004-04-19. A true and correct copy of the '150 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

THE '252 PATENT

10.      The '252 Patent is entitled "System and method for performing security functions of a mobile station," and issued 2007-02-20. The application leading to the '252 Patent was filed on 2002-12-10. A true and correct copy of the '252 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

THE '387 PATENT

2

11.    The '387 Patent is entitled "Remote monitoring device and process," and issued 2010-10-26. The application leading to the '387 Patent was filed on 2007-08-31. A true and correct copy of the '387 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

### THE '076 PATENT

12.    The '076 Patent is entitled "Mobile wireless internet portable radio," and issued 2013-11-26. The application leading to the '076 Patent was filed on 2011-05-20. A true and correct copy of the '076 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

### COUNT 1: INFRINGEMENT OF THE '150 PATENT

13.    Plaintiff incorporates the above paragraphs herein by reference.

14.    **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '150 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '150 Patent also identified in the charts incorporated into this Count below (the "Exemplary '150 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '150 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

15.    Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '150 Patent Claims, by having its employees internally test and use these Exemplary Products.

3

16.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

17.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '150 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '150 Patent. See Exhibit 5 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

18.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '150 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '150 Patent.

19.     Exhibit 5 includes charts comparing the Exemplary '150 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '150 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '150 Patent Claims.

20.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

21.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 2: INFRINGEMENT OF THE '252 PATENT

22.    Plaintiff incorporates the above paragraphs herein by reference.

23.    **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '252 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '252 Patent also identified in the charts incorporated into this Count below (the "Exemplary '252 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '252 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

24.    Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '252 Patent Claims, by having its employees internally test and use these Exemplary Products.

25.    **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

26.    Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '252 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '252 Patent. See Exhibit 6

(extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

27.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '252 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '252 Patent.

28.     Exhibit 6 includes charts comparing the Exemplary '252 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '252 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '252 Patent Claims.

29.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

30.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 3: INFRINGEMENT OF THE '387 PATENT

31.     Plaintiff incorporates the above paragraphs herein by reference.

32.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '387 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '387 Patent also identified in the charts incorporated into this Count below (the "Exemplary '387 Patent Claims") literally or by the doctrine of

equivalents. On information and belief, numerous other devices that infringe the claims of the '387 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

33.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '387 Patent Claims, by having its employees internally test and use these Exemplary Products.

34.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

35.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '387 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '387 Patent. See Exhibit 7 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

36.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '387 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '387 Patent.

37.     Exhibit 7 includes charts comparing the Exemplary '387 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products

practice the technology claimed by the '387 Patent. Accordingly, the Exemplary Defendant

Products incorporated in these charts satisfy all elements of the Exemplary '387 Patent Claims.

38.    Plaintiff therefore incorporates by reference in its allegations herein the claim

charts of Exhibit 7.

39.    Plaintiff is entitled to recover damages adequate to compensate for Defendant's

infringement.

### COUNT 4: INFRINGEMENT OF THE '076 PATENT

40.    Plaintiff incorporates the above paragraphs herein by reference.

41.    **Direct Infringement**. Defendant directly infringed one or more claims of the

'076 Patent in at least this District by making, using, offering to sell, selling and/or importing,

without limitation, at least the Defendant products identified in the charts incorporated into this

Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary

claims of the '076 Patent also identified in the charts incorporated into this Count below (the

"Exemplary '076 Patent Claims") literally or by the doctrine of equivalents. On information and

belief, numerous other devices that infringed the claims of the '076 Patent have been made, used,

sold, imported, and offered for sale by Defendant and/or its customers.

42.    Defendant also directly infringed, literally or under the doctrine of equivalents,

the Exemplary '076 Patent Claims, by having its employees internally test and use these

Exemplary Products.

43.    Exhibit 8 includes charts comparing the Exemplary '076 Patent Claims to the

Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products

practice the technology claimed by the '076 Patent. Accordingly, the Exemplary Defendant

Products incorporated in these charts satisfy all elements of the Exemplary '076 Patent Claims.

8

44.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

45.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

46.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that the '150 Patent is valid and enforceable

B.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '150 Patent;

C.     A judgment that the '252 Patent is valid and enforceable

D.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '252 Patent;

E.     A judgment that the '387 Patent is valid and enforceable

F.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '387 Patent;

G.     A judgment that the '076 Patent is valid and enforceable

H.     A judgment that Defendant has infringed directly one or more claims of the '076 Patent;

I.     An accounting of all damages not presented at trial;

J.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '150; '252; and '387 Patents, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

K.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '076 Patent.

L.      And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

   i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

   ii.   that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii.  that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.


Dated: March 25, 2021                    Respectfully submitted,

                                         /s/ Isaac Rabicoff
                                         Isaac Rabicoff
                                         Rabicoff Law LLC
                                         5680 King Centre Dr, Suite 645
                                         Alexandria, VA 22315
                                         7736694590
                                         isaac@rabilaw.com


                                         **Counsel for Plaintiff**
                                         **Pineapple34, LLC**